UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-mj-2835-AMS

UNITED STATES OF AMERICA,

v.

MARCUS TALLEY,

      **Defendant.**
_____/

## ORDER GRANTING MOTION FOR COMPETENCY DETERMINATION

Presently pending before this Court is Defendant MARCUS TALLEY's oral <u>Motion for Competency Determination</u>. A hearing was held on June 16, 2010, at which time the Motion was granted. This Order sets forth the oral rulings made at the hearing, and incorporates by reference the reasons stated on the record.

## BACKGROUND

Defendant Marcus Talley is charged by Criminal Complaint with bank robbery and conspiracy to commit bank robbery. The alleged offenses occurred between March 2010 and April 12, 2010. His initial appearance in Court on these charges was on June 11, 2010.

## THE MOTION TO DETERMINE COMPETENCY

At the hearing on June 16, 2010, the defense moved for a Competency Hearing. The Government advised the Court that it does not oppose the request for a mental evaluation of the Defendant for the purpose of determining his competence to stand trial. This Court reviewed The

1

Pre-Trial Services Report.[1] The report reflects that the defendant was able to provide biographical and geographical data to the probation officer. The report also contains statements purportedly reflecting the defendant's mental status. In addition, the report contains the defendant's self report of his mental health evaluations and circumstances throughout the preceding years.

## LEGAL ANALYSIS

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court has the authority to order that a psychiatric or psychological examination be conducted, and that a report be filed with the court, prior to the date of such hearing. 18 U.S.C. § 4241(b). This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247. 18 U.S.C. §§ 4241(b), 4241(c). Psychiatric and psychological examinations are governed by 18 U.S.C. § 4247(b), which provides in pertinent part:[2]

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court. . . .

---

[1]The contents of Pre Trial Services Reports are confidential pursuant to Title 18, United States Code, Section 3153(c)(1), and, therefore, the specifics contents of the report are not made public here.

[2]*See also United States v. Fuller*, 86 F. 3d 105, 105 (7th Cir. 1996) ("Section 4247(b) of the criminal code, when read in conjunction with section 4241, fixes a 30-day limit on pretrial commitments for determinations of competency to stand trial, which the district court can extend for no more than 15 days."). *Acc'd United States v. Clark*, 893 F. 2d 1277 (11th Cir. 1990).

2

> For the purposes of an examination pursuant to the order under section 4241, 4244, or 4245, the court may commit te person to be examined or a reasonable period, but not to exceed thirty days, and under section 4242, 4243, 4246, or 4248 for a reasonable period not to exceed forty-five days...The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, 4246 or 4248 upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

Pursuant to 18 U.S.C. § 4247(c), report of examination shall include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and–
> (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Based upon the reasons stated in Defendant's motion and the hearing held on June 16, 2010, the undersigned finds that there is reasonable cause to believe the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, pursuant to 18 U.S.C. § 4241(a), it is hereby

ORDERED AND ADJUDGED that the Motion to Determine Competency is GRANTED as follows:

1. Within thirty days, the United States Attorney's Office shall have MARCUS TALLEY, who is held in pretrial detention, evaluated by a qualified licensed or certified psychiatrist or psychologist to determine his competency to understand the proceedings in this Court, pursuant to

18 U.S.C. §§ 4241, 4247(b). Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the Court. The cost for this evaluation is to be borne by the Department of Justice. See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart (Administrative Office of the United States Courts).

2. On or before July 15, 2010, the examining psychologist or psychiatrist shall produce a report in accordance with 18 U.S.C. § 4247(c). The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires that the report include:

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and–

(A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. A copy of the Report shall be furnished to the Court, to counsel for the Defendant, and to the United States. Counsel for the Defendant shall ensure that a copy of that report is delivered to the chambers of the undersigned Magistrate Judge.

3. A status conference relating to this Order is set for July 16, 2010 at 10:00 a.m., before United States Magistrate Judge John O'Sullivan, in the 5th Floor Courtroom, 301 N. Miami Ave. Miami, Florida.

It is further ORDERED that the period of delay resulting from the examination of the Defendant and any subsequent judicial proceedings to determine the Defendant's competence shall be deemed excluded for Speedy Trial calculations, pursuant to 18 U.S.C. § 3161(h)(1)(A).

The government shall immediately serve this order upon the Federal ~~Department of Corrections~~ Detention Center.

DONE AND ORDERED in chambers at Miami, Florida on June 17, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished *via* CM/ECF to:
United States District Judge
All counsel of record